The COMMONWEALTH of Kentucky, ex rel. Frederic J. COWAN, Attorney General, for the Use and Benefit of LAUREL COUNTY SCHOOL DISTRICT, et al., Plaintiffs/Appellants,

v.

SOUTHERN BELLE DAIRY COMPANY, et al., Defendants/Appellees.

No. 90–SC–640–CL.

Supreme Court of Kentucky.

Dec. 27, 1990.

Frederic J. Cowan, Mark D. Meador, Brent Caldwell, Robert V. Bullock, Office of Atty. Gen., Frankfort, Frank Love, Jr., W. Gordon Hamlin, Powell, Goldstein, Frazer & Murphy, Atlanta, Ga., C. Raymond Marvin, Raymond Marvin & Associates, Washington, D.C., for plaintiffs/appellants.

Maurice Allen Bowen, Harrodsburg, for A.B. Milk Distributor, Inc.

D. Paul Alagia, Jr., Richard M. Trautwein, Alagia, Day, Marshall, Mintmire & Chauvin, Louisville, William G. Crabtree, London, for Flav-O-Rich.

William F. Polk, Henderson, for Henderson Enterprises, Inc.

Emmit J. Bondurant, II, Bondurant, Mixson, Elmore, Atlanta, Ga., William E. Johnson, Stoll, Keenon & Park, Frankfort, for Holland Dairies, Inc. and Land-O-Sun Dairies.

Robert Hahn, Bamberger, Foreman, Oswald and Hahn, Evansville, Ind., Marcia Milby Ridings, Hamm, Milby and Ridings, London, for Ideal American Dairy/Owensboro Ice Cream and Dairy Products.

Donald L. Stepner, Adams, Brooking, Stepner, Wolterman & Dusing, Covington, for H. Meyer Dairy Co.

Carey P. DeDyne, Sutherland, Asbill & Brennan, Atlanta, Ga., Kenneth J. Tuggle, Louisville, for Pet Inc.

G. Jack Donson, Jr., Taft, Stettinius & Hollister, Cincinnati, Ohio, for Louis Trauth Dairy, Inc.

James L. Anderson, Deputy General Counsel, Office of the General Counsel, Bloomington, Ind., Kenneth L. Anderson, Woodward, Hobson & Fulton, Louisville, for Prairie Farms Dairy, Inc.

Ben L. Kessinger, Jr., Cheryl U. Lewis, Stites & Harbison, Lexington, for R.G. Clark Distributors, Inc.

John G. Prather, Jr., Somerset, James H. Wallace, Joseph L. Ruby, Wiley, Rein & Fielding, Washington, D.C., for Southern Belle Dairy Co.

W. David Denton, Denton & Keuler, Paducah, for Sunshine Dairy, Inc.

Deborah Hiller, Calfee, Halter and Griswold, Cleveland, Ohio, Richard L. Frymire, Jr., Frymire, Evans, Peyton, Teague & Cartwright, Madisonville, Marylin R. Ratliff, Kahn, Dees, Donovan & Kahn, Evansville, Ind., for U.C. Milk Co., Inc.

## CERTIFICATION OF THE LAW

On March 9, 1990, the Attorney General of Kentucky brought a civil anti-trust action in the United States District Court for the Eastern District of Kentucky, London Division, in which he alleged that the defendants herein conspired to rig bids for public school milk contracts in violation of the Sherman Act, 15 U.S.C. § 1. This was all done pursuant to recommendation by the Superintendent of Public Instruction and 115 named school districts which have ratified his initiation of this suit.

On April 11, the defendant, Flav-O-Rich, Inc., moved to dismiss this complaint on the grounds that it was in violation of KRS 156.142.

The question submitted to us for certification is whether KRS 156.142 prohibits this action.

The powers of the Attorney General and his duties are set out in KRS 15.020, as follows:

> **15.020. Chief law officer and adviser—Duty to attend to litigation, write opinions, draft writings—When to appear for Commonwealth.**—The attorney general is the chief law officer of the Commonwealth of Kentucky and all of its departments, commissions, agencies, and political subdivisions, and the legal adviser of all state officers, departments, commissions, and agencies, and when requested in writing shall furnish to them his written opinion touching any of their official duties, and shall prepare proper drafts of all instruments of writing required for public use, and shall exercise all common law duties and authority pertaining to the office of the attorney general under the common law, except when modified by statutory enactment. He shall appear for the Commonwealth in all cases in the Supreme Court or Court of Appeals wherein the Commonwealth is interested, and shall also commence all actions or enter his appearance in all cases, hearings, and proceedings in and before all other courts, tribunals, or commissions in or out of the state, and attend to all litigation and legal business in or out of the state required of him by

law, or in which the Commonwealth has an interest, and any litigation or legal business that any state officer, department, commission, or agency may have in connection with, or growing out of, his or its official duties, except where it is made the duty of the commonwealth's attorney or county attorney to represent the Commonwealth. When any attorney is employed for any said agency, the same shall have the approval of such agency before such employment.

The section referred to by the defendants/appellees herein falls under KRS 156.138, which section gives the Attorney General power to institute action to recover school funds from any source which he believes have been erroneously or improperly allowed, and KRS 156.142, which says the jurisdictions of all actions brought thereunder shall be vested in the circuit court of the county in which the school district is located.

It is our opinion that KRS 156.142 is not a limiting statute on the general powers of the Attorney General, and when he is empowered by statute to commence all action in all cases or hearings in all courts, in or out of the state, as set out in KRS 15.020, he is within his authority to commence the present action.

The law is so certified.

All concur except VANCE, J., who dissents and files herewith a separate dissenting opinion.

VANCE, Justice, dissenting.

K.R.S. 156.138 provides that the Attorney General, at the request of designated state officers, shall institute the necessary actions to recover school funds from any source, which he believes have been erroneously or improperly allowed or paid to any person.

K.R.S. 156.142 provides that the jurisdiction of such suits shall be vested in the circuit court of the county in which the school district is located.

Whether or not it was wise for the General Assembly to so limit the jurisdiction of suits brought pursuant to the authority

granted the Attorney General by K.R.S. 156.138 is not a proper matter for resolution by this court. Wisely or not, it is clear that jurisdiction of litigation authorized by K.R.S. 156.138 has been limited by the General Assembly to the county in which the school district is located.

It is my view, therefore, that if the litigation in question relies solely upon the authority granted to the Attorney General by K.R.S. 156.138, the litigation must be pursued in the counties in which the school districts are located.

This litigation was filed in the United States District Court and involves a claimed violation of the Sherman Act, 15 U.S.C. § 1. The Attorney General claims broad general powers as the chief law officer of the Commonwealth to represent all agencies and political subdivisions of the state pursuant to K.R.S. 15.020.

The majority does not express an opinion as to whether the powers granted the Attorney General by K.R.S. 15.020 are sufficient, independent of K.R.S. 156.138, to authorize the maintenance of this lawsuit by the Attorney General. It is my opinion that the Attorney General does not have authority to maintain this litigation in the United States District Court under the authority of K.R.S. 156.138, and that if the litigation is to be maintained in the United States District Court it must be under the authority granted by K.R.S. 15.020 or some other section of the statute. The majority opinion should expressly deal with whether K.R.S. 15.020 or some other statutory section other than K.R.S. 156.138 gives sufficient authority to the Attorney General to maintain this litigation.